In the Matter of the Construction of the Will of SAMUEL GORDON, Deceased.

Surrogate's Court, Suffolk County, May 31, 1955.

*Davidow & Davidow* for petitioners.

*Harold P. Perkal,* special guardian.

HAZLETON, S. In this construction proceeding, the testator in paragraph Sixth of his will, executed in 1947, disposed of what he termed " my interest in the Real Property at Lake Street-West Main Street, in Patchogue, New York ". At the time of the execution of the will, the aforesaid real property was part of the assets of a copartnership of which testator was a member, title being in the name of both partners.

Subsequently, in 1948, the partners sold a portion of the property, the consideration consisting of cash and a purchase-money mortgage. At about the time of said sale, the partners orally agreed to dissolve their partnership and it appears that the dissolution agreement made provision for a distribution of the partnership assets pursuant to which the said Patchogue property was to vest in the testator.

Apparently, in furtherance of the dissolution agreement, the money received from the sale was taken over by the testator and the amortization and interest payments required under the bond and mortgage were received and retained by him. However, the bond and mortgage as well as the unsold portion of the Patchogue property remained, until testator's death, in the name of the partnership.

The executors now seek a determination as to whether or not the specific disposition contained in paragraph Sixth of the will includes the remaining Patchogue property as well as the

bond and mortgage realized from the sale of the other portion thereof.

From the above facts it is evident that while the partnership at the time of testator's death owned both the remaining real property in Patchogue and the bond and mortgage, nevertheless the partners had previously agreed to dissolve the partnership and distribute its assets. The testimony of the surviving partner amply establishes that the Patchogue property was to vest in the testator who was also to receive an assignment of the bond and mortgage. In light of this evidence, it would appear that the equitable ownership, at least, of the properties in question, had passed to the testator, and since the surviving partner apparently is ready and willing to execute the necessary instruments of conveyance and assignment, said properties must be deemed a part of testator's estate and subject to distribution under his will.

It follows therefore that the remaining real property in Patchogue passes under the devise contained in paragraph Sixth of testator's will.

However the bond and mortgage are in a different category. Although said bond and mortgage resulted from the sale of real property which, if unsold, would be subject to the provisions of paragraph Sixth, the fact remains that testator divested himself of such real property prior to his death and hence the bond and mortgage, as personal property, cannot be considered in the same light as the realty which paragraph Sixth devises. (Decedent Estate Law, § 40.)

It is urged that the use of the words " my interest in the Real Property " removes this case from the application of section 40 of the Decedent Estate Law, but I cannot agree with this reasoning. These words were used by the testator at a time when the partnership was in full operation so that his interest in the property was only that of a partner. Hence, his use of the words " my interest ". The dissolution agreement changed this status and the words in paragraph Sixth must now be construed to mean " my Real Property " instead of " my interest in Real Property ".

This court has not been shown any special attitude or course of conduct of the testator which would perhaps require a special interpretation of his language. It seems that we may pass the land as an interest, by way of partnership title, in real estate. If the partnership is considered, it would be necessary to pass the bond and mortgage as an interest in an interest in real estate. But assuming that the testator may be regarded as

the owner of the bond and mortgage, for the purpose of construing his language, the asset is primarily something different than a real estate holding. The uncolored language would seem to leave this investment for the residuary clause found in paragraph Seventh of the will. When the will is viewed against the background of the stipulated or proven facts, no sufficient color of intent to warrant departure from the impersonal meaning of the testamentary language appears.

Submit decree accordingly on notice.